UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-168-R

PAMELA K. BRADSHAW                                                                                      PLAINTIFF

v.

MONUMENTAL LIFE INSURANCE CO.                                                         DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on motion for summary judgment (Dkt. # 15) of Defendant Monumental Life Insurance Company ("Monumental"). Plaintiff Pamela Bradshaw, Executrix of the Estate of Harold Bradshaw responded (Dkt. # 16), Monumental replied (Dkt. # 19), and this matter is now ripe for adjudication. For the reasons that follow, the Court **GRANTS** Defendant's motion for summary judgment.

### BACKGROUND

Plaintiff's decedent, Harold K. Bradshaw ("Bradshaw"), died of lung cancer on October 15, 2004. In May of 2003, he had purchased from Monumental an insurance policy which was specific to cancer expenses; nevertheless, when he filed a claim under the policy, Monumental denied the claims and rescinded the policy. Monumental claims that it did so after a routine audit of Bradshaw's policy revealed that Mr. Bradshaw made a "material misrepresentation" during the application process. Specifically, Monumental alleges, Mr. Bradshaw was asked the following question:

> Within the past year, has any proposed insured had treatment for, any indications of, been advised of, or seen a physician for ... [a]ny abnormal or excessive bleeding, gastric ulcer, Barrett's esophagus, or chronic hepatitis?

1

Mr. Bradshaw responded to this question in the negative. Monumental's underwriting guidelines mandate that an individual with a history of gastric ulcer be declined the policy at issue here. Monumental asserts that Mr. Bradshaw's medical records indicate that he had in fact been diagnosed with a gastric ulcer and that, had he disclosed this diagnosis to Monumental, it would never have issued the policy. Plaintiff asserts that Mr. Bradshaw was never told about a diagnosis of gastric ulcer and argues that without its having been communicated to Mr. Bradshaw, he could not have made a misrepresentation in the application procedure.

Mr. Bradshaw filed this action in Russell Circuit Court on October 14, 2004, alleging that Monumental wrongfully rescinded his insurance policy, breached the covenant of good faith, and breached its fiduciary duties. Monumental removed, and the Court denied a Motion to Remand. Monumental then filed the present motion for summary judgment.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case."

*Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

The parties agree that KRS 304.14-110 provides the rule governing the responsibilities of an insurance company when there has been a material misrepresentation made in an application for coverage. That statute provides:

Misrepresentations, omissions, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(1) Fraudulent; or
(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

KRS § 304.14-110. Plaintiff argues that Mr. Bradshaw's answer was not a "material

3

misrepresentation" within the meaning of the statute because Mr. Bradshaw and his family had never been told that he had a gastric ulcer. The long-standing interpretation of this rule in Kentucky is that "if a representation is made and it is untrue and material it taints the contract whether fraudulent or not, and if untrue and fraudulent it taints the contract whether material or not." *National Life & Acc. Ins. Co. v. Fisher* 211 Ky. 12, 276 S.W. 981 (Ky. 1925). Therefore, viewing the facts in the light most favorable to Mr. Bradshaw, even if the misrepresentation was an innocent one, Monumental can avoid coverage if it was material to the risk assumed by Monumental in issuing the policy.

Generally, incorrect answers are considered material if the policy would not have been issued had the insurer known the correct answers. *John Hancock Mut. Life Ins. Co. v. Conway*, 240 S.W.2d 644, 646 (Ky. 1951) ("The rule is that a false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of life insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein."). "Questions contained in an application for insurance concerning the applicant's state of health, past medical treatment, consultation and the like are of the gravest importance, and it is the duty of the applicant to exercise good faith and answer them truthfully." *Prudential Ins. Co. of America v. Lampley*, 297 Ky. 495, 180 S.W.2d 399 (Ky. 1944), citing *John Hancock Mut. Life Ins. Co. v. DeWitt*, 259 Ky. 220, 82 S.W.2d 317 (Ky. 1935). In light of Monumental's policy preventing its writers from selling a policy to someone with a history of gastric ulcer, a misrepresentation about a patient's history of gastric ulcer would be material under the statute unless that policy were not "reasonable" and "in accordance with the usual practice of life insurance companies under similar circumstances." It is likely true, as Plaintiff notes, that Mr.

4

Bradshaw's gastric ulcer was not connected to his lung cancer; however, Plaintiff does not argue that as a general matter a provision conditioning issuance of a life insurance policy on a negative history of gastric ulcer is unreasonable or out of the usual practice.[1]  Therefore, the representation is material and KRS 304.14-110 does not prevent Monumental from denying coverage.

Similarly, Monumental is entitled to summary judgment on Plaintiff's bad faith and breach of fiduciary duty claims.  In Kentucky, a bad faith claim requires proof that: (1) the insurer is obligated to pay the claim under the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.  *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).  In light of the above conclusion (i.e., that Monumental is entitled to deny the claim), Plaintiff cannot make out a bad faith claim in this case.  Similarly, because Monumental did not wrongfully deny the claim, it cannot have breached any fiduciary duty, if it had any.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is **GRANTED**.  An appropriate order shall issue.

---

[1] Plaintiff suggests that Monumental should distinguish between a "superficial" and a non-superficial gastric ulcer, but does not explain how Monumental's failing to do so is unreasonable or outside the common practice of insurance providers.